UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

```
RANDY DELISE                              *       CIVIL ACTION

versus                                    *       NO. 06-9541

LEXINGTON INSURANCE COMPANY,              *       SECTION "F"
GALLODORO INSURANCE AGENCIES, and
ABC INSURANCE COMPANY
```

ORDER AND REASONS

Before the Court is plaintiff's motion to remand. For the reasons that follow, the motion is GRANTED.

Hurricane Katrina damaged Delise's home in St. Bernard Parish, Louisiana. He was not able to settle his homeowner's insurance claim with Lexington amicably, and filed suit against Lexington, the insurer, and Gallodoro, the insurance agent and the agency. Delise filed in state court, but Lexington removed to this Court, invoking this Court's original diversity jurisdiction. Delise now moves to remand, arguing that Lexington has not met its burden to show that the in-state defendant, Gallodoro, has been improperly joined and that the parties meet the requirements for diversity jurisdiction.

Most lawsuits filed after Hurricane Katrina focus on issues of insurance law and have been removed by out-of-state defendant insurance companies. Common jurisdictional issues run

1

through these cases, and the standards for diversity and federal question jurisdiction and the discretion to remand cases to state court have been enumerated time after time, as well as the standards for the duty owed by insurance agents to the insured. See Kurz v. Scottsdale Ins. Co., 2006 WL 3240787 (E.D. La. Nov. 7, 2006); Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co., 2006 WL 2925448 (E.D. La. Oct. 10, 2006); Bienemy v. American Sec. Ins. Co., 2006 WL 2925454 (E.D. La. Oct. 10, 2006); Tomlinson v. St. Paul Fire & Marine Ins. Co., 2006 WL 2632105 (E.D. La. Sept. 12, 2006).

This case is no different. In the state court petition, the majority of Delise's allegations are directed at Lexington for "arbitrary and capricious" failure to pay damages under their homeowner's policy, primarily because the parties dispute whether the damage was caused by hurricane winds or flood waters. But two complaints are directed toward Gallodoro. In one of these allegations, the plaintiff alleges that Gallodoro was negligent by "informing plaintiff that the policy sold to plaintiff would cover 'all hurricane damages,'" which may represent a cause of action under Louisiana law. See Graves v. State Farm Mutual Auto Ins. Co., 821 So.2d 769 (La. App. 2002). Given the legal duties of agents outlined in recent Orders of all Sections of this Court, the Court finds that State Farm has not met its burden in proving that Delise has no possibility of recovery against Gallodoro under

2

Louisiana state law.

Accordingly, the plaintiff's motion to remand is GRANTED. The case is hereby remanded to state court.

New Orleans, Louisiana, March 8, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE